# IN THE COURT OF APPEALS OF IOWA

No. 15-1042
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRADLEY W. LOVE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Henry County, John M. Wright,

Judge.

        Defendant challenges the constitutionality of his sentence.  **AFFIRMED.**

        Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, Washington, for

appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Vogel, P.J., Bower, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

In 1993, Bradley Love pled guilty to one count of second-degree murder, one count of first-degree burglary, and two counts of attempted murder, which were committed on December 25, 1992, when he was seventeen years old. He was sentenced to 125 years in prison, with a twenty-year mandatory minimum.

On September 23, 2013, Love filed a motion to correct an illegal sentence, following recent cases by the United States Supreme Court and Iowa Supreme Court reconsidering juvenile sentencing guidelines. *See generally Miller v. Alabama*, 132 S. Ct. 2455 (2012); *State v. Ragland*, 836 N.W.2d 107 (Iowa 2013); *State v. Pearson*, 836 N.W.2d 88 (Iowa 2013); *State v. Null*, 836 N.W.2d 41 (Iowa 2013).

On March 5, 2015, the district court held a resentencing hearing. By that date, our supreme court had decided *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014), which invalidated mandatory minimums for juvenile offenders. As a result, the district court corrected Love's sentence by eliminating the mandatory minimum. The district court also modified the sentence, reducing it to a term of 100 years with the immediate chance for parole. Love now appeals.

On appeal, Love claims a term of 100 years for crimes committed as a juvenile is unconstitutional under the Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa Constitution. We review constitutional claims de novo. *See State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

Our supreme court's most recent case on juvenile sentencing holds that Love is entitled to the opportunity for parole. *See State v. Sweet*, 879 N.W.2d

811, 839 (Iowa 2016). As the record reflects, he presently has that opportunity. *Sweet* also holds, however, that life sentences for juveniles are not unconstitutional. *See id.* We decline to extend that case further, as Love urges. We affirm the judgment of the district court.

**AFFIRMED.**